UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE A. KEGER, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>ENVIRONMENTAL SYSTEMS )<br>PRODUCTS, INC., et al., )<br>)<br>Defendants. ) | Case No. 1: 12 CV 1228<br><br>JUDGE DONALD C. NUGENT<br><br>MEMORANDUM OPINION |

This matter is before the Court on Defendant Environmental Systems Products, Inc.'s Motion to Dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(6). (ECF #31). For the reasons that follow, Defendant's Motion to Dismiss is granted.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Christine A. Keger brings this lawsuit against Defendants Environmental Systems Products, Inc., aka Environmental Systems Products Holdings, Inc., aka Envirotest Systems Corp. (hereinafter "Defendant Environmental Systems") and Defendant Aetna Life Insurance Company, Inc. (hereinafter "Defendant Aetna"). The suit was originally filed in the Cuyahoga County, Ohio, Court of Common Pleas and subsequently removed to this Court (ECF #1). Plaintiff avers in the Amended Complaint (ECF #29) that this Court has jurisdiction pursuant to relevant sections of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §§ 1109 and 1132, (Am. Complaint at ¶10), and that venue is proper pursuant to Fed.R.Civ.P.3(B)(1). (Am. Complaint at ¶11).

1

Patrick J. Keger worked for Defendant Environmental Systems, or its predecessor, from approximately March 2, 1998 until his death on September 18, 2006. (Am. Complaint at ¶¶14-16). Plaintiff is Mr. Keger's widow and the designated beneficiary of his Supplemental Life Insurance Policy. (Am. Complaint at ¶¶13, 27). During Mr. Keger's employment at Defendant Environmental Systems, he was enrolled in the Basic Term Life Benefit Policy, which Defendant Environmental Systems provided to each of its employees free-of-charge. (Am. Complaint at ¶17). On approximately February 26, 2004, Plaintiff alleges that Mr. Keger applied to enroll in the Supplemental Life Insurance Policy (hereinafter "Supplemental Policy"), which was offered by Defendant Environmental Systems and provided by Defendant Aetna. (Am. Complaint at ¶¶18-20, 22). Mr. Keger filed a second application for the Supplemental Policy on approximately October 25, 2005. (Am. Complaint at ¶21).

Beginning on or about April 11, 2004 and continuing uninterrupted through September 18, 2006, Plaintiff alleges that Defendant Environmental Systems (1) withheld funds, bi-weekly, from Mr. Keger's paycheck to pay the premium on the Supplemental Policy; and, (2) remitted Mr. Keger's withheld premiums for the Supplemental Policy to Defendant Aetna. (Am. Complaint at ¶¶23-25). Mr. Keger's bi-weekly premiums for the Supplemental Policy started at $2.16 per paycheck and increased to $2.52 at the time of his last paycheck. (Am. Complaint at ¶26).

After Mr. Keger's death, Plaintiff avers that she submitted a claim to Defendant Aetna requesting payment-in-full for all benefits under both the Supplemental Policy and the Basic Term Life Benefit Policy. (Am. Complaint at ¶27). Plaintiff also alleges that Mr. Keger met the eligibility requirements of the Supplemental Policy, and that Defendant Aetna admitted Mr.

Keger had enrolled in the Supplemental Policy on February 26, 2004. However, Defendant Aetna denied Plaintiff's claim for benefits stating that Mr. Keger, in fact, did not meet the Supplemental Policy's eligibility requirements. (Am. Complaint at ¶¶28-29). Plaintiff further asserts that neither Defendant Environmental Systems nor Defendant Aetna had previously informed either Plaintiff or Mr. Keger that the eligibility requirements for the Supplemental Policy had not been met. (Am. Complaint at ¶30). Finally, Plaintiff asserts that the withholding of premiums and the remittance or premiums to Defendant Aetna constituted a representation from Defendant Environmental Systems and Defendant Aetna that Mr. Keger had valid coverage under the Supplemental Policy, and that the Kegers relied on this representation.

Based upon these averments, Plaintiff asserts three claims. First, Plaintiff claims that Defendant Aetna wrongfully denied her the Supplemental Policy benefits and that she is, therefore, entitled to relief pursuant to 29 U.S.C. §1132(a)(1)(B). (Am. Complaint at ¶¶31-34). Second, Plaintiff claims that Defendant Environmental Systems and Defendant Aetna breached their fiduciary duty by not communicating eligibility issues regarding the Supplemental Policy to either Mr. Keger or herself, and that she is entitled to damages. (Am. Complaint at ¶¶35-38). While not stated directly by Plaintiff, Plaintiff appears to be seeking relief for a breach of fiduciary duty pursuant to either 29 U.S.C. § 1109 or 29 U.S.C. § 1132(a)(2) or 29 U.S.C. § 1132(a)(3). Finally, Plaintiff makes a promissory estoppel claim for damages equal to the amount of premiums she is requesting under the Supplemental Policy. (Am. Complaint at ¶¶39-42). Plaintiff further requests this Court to award attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1). (Am. Complaint at p. 6).

3

Defendant Environmental Systems has moved to dismiss the claims against it for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (ECF #31). Plaintiff filed a brief in opposition, (ECF #34), and Defendant Environmental Systems filed a reply brief in support (ECF #35). The motion is now fully briefed and ready for decision.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009). *See also Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) (court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.)

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court

4

"disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 550 U.S. at 570.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## DISCUSSION

Defendant Environmental Systems asserts that the Supplemental Policy is an "employee welfare plan" under 29 U.S.C. § 1002(1)(A) because (1) Defendant Environmental Systems has made the life insurance policy (including the Basic Term Life Benefit Policy and Supplemental Policy) available to its employees with the intention to provide benefits to its employees; and, (2) Defendant makes contributions to the Basic Term Life Benefit Policy on behalf of its employees, nullifying any "safe harbor" exemptions from ERISA. (ECF #31 at pp. 5-7). 29 C.F.R. § 2510.3-1(j) (listing four conditions that create an exception for certain group or group-type insurance plans that would otherwise be governed by ERISA). Plaintiff also asserts that the Supplemental Policy is an "employee welfare benefit plan" under 29 U.S.C. § 1002(1)(A). (Am. Complaint at ¶7). *See also Thompson v. American Home Assur. Co.*, 95 F.3d 429, 434-37 (1996) (describing "three-step factual inquiry" necessary to establish that a plan is governed by ERISA); *Huisjack v. Medco Health Solutions, Inc.* 492 F.Supp.2d 839, 846-47 (S.D.Ohio 2007) (same). As both parties agree that the Supplemental Policy is governed by ERISA, and as in a motion to

5

dismiss, the Court is to accept the facts as pled in the Complaint, for purposes of this motion the Supplemental Policy will be considered to be governed by ERISA.[1]

Defendant Environmental Systems asserts that Plaintiff's claims against it fail because (1) Defendant Environmental Systems is not a fiduciary to the Supplemental Policy; (2) monetary relief for the Plaintiff is not available in the present suit under ERISA; and (3) ERISA preempts a state law claim of estoppel. (ECF #31 at pp. v-vi). Defendant Environmental Systems also asserts that Plaintiff's claims against it fail under a theory of equitable estoppel under ERISA. (ECF #35 at pp. 11-13). The Court will address each claim in turn.

**1. Is Environmental Systems a fiduciary to the Supplemental Life Insurance Policy?**

Although the Amended Complaint alleges that Defendant Environmental Systems is a fiduciary with respect to the Supplemental Policy, (Am. Complaint at ¶6), this is a legal conclusion and not a factual assertion that the Court must accept as true. *See Ashcroft*, 129 S.Ct. at 1940; *see also Gregory*, 220 F.3d at 446. As the Defendant points out, a person becomes an ERISA fiduciary in either of two ways: (1) "[the] person[] is specifically named as [a] fiduciar[y] by the benefit plan;" or, (2) the person "exercises discretionary control or authority over a plan's management, administration, or assets." *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006); *Mertens v. Hewitt Associates*, 508 U.S. 248, 251 (1993); *Michigan Affiliated Healthcare Sys., Inc. v. CC Sys. Corp. of Michigan*, 139 F.3d 546, 549 (6th Cir. 1998);

---

[1] While the factual information presently before the Court is not sufficient to determine whether the Supplemental Policy, separated from the Basic Life Insurance Policy, would meet any of the four conditions for a "safe harbor" exemption for ERISA, both Plaintiff and Defendant have asserted that ERISA does in fact govern the Supplemental Policy. Therefore, for purposes of this Motion, the Court will accept this assertion as true.

6

29 U.S.C. § 1102(a); 29 U.S.C. § 1002(21).[2]

Plaintiff does not claim that Defendant Environmental Systems is officially named as a fiduciary or that it is the plan administrator. In fact, Plaintiff asserts that "Defendant Aetna is the Plan Administrator for the Supplemental Life Insurance Policy." (Am. Complaint at ¶8). Even though Defendant Environmental Systems may be the plan sponsor, merely offering the Supplemental Policy to its employees does not make Defendant Environmental Systems a fiduciary. *See Moore*, 458 F.3d at 438; *see also Michigan Affiliated Healthcare Sys., Inc.*, 139 F.3d at 549 (finding no fiduciary status when the person was "neither the Administrator nor a named fiduciary of the Plan as these terms are defined in ERISA"); *see also Duckworth v. Saks, Inc.*, 276 F.Supp.2d 592, 596 (S.D.Miss. 2003) (party was not a fiduciary because it was not a "named fiduciar[y], and did not function as the plan administrator"); *see also* 29 U.S.C. § 1002(16)(A)-(B).

Second, Plaintiff does not claim that Defendant Environmental Systems had any "authority" or "control" over the Supplemental Policy. *Moore*, 458 F.3d at 438. "A person without the power to make plan policies or interpretations but who performs purely ministerial functions such as processing claims, applying plan eligibility rules, communicating with employees, and calculating benefits, is not a fiduciary under ERISA." *Walker v. Federal Exp. Corp.*, 492 Fed.Appx. 559, 565 (6th Cir. 2012) (citing *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 455 (6th Cir. 1991) (per curiam)).

---

[2]For purposes of determining fiduciary status under ERISA, a "person" includes corporations. 29 U.S.C. § 1002(9); *See Seaway Food Town, Inc. v. Medical Mut. Of Ohio*, 347 F.3d 610, 616 (6th Cir. 2003) (citing *Hamilton v. Carell*, 243 F.3d 992, 998 (6th Cir. 2001)).

Here, the only functions that Plaintiff claims Defendant Environmental Systems performed with regard to the Supplemental Policy are (1) offering the policy to its employees, (2) withholding premiums from employees' paychecks, and (3) remitting the withheld premiums to Defendant Aetna. (Am. Complaint at ¶¶ 19, 23-24). These activities amount to "purely ministerial functions" and do not exhibit the "control" or "authority" necessary to make Defendant Environmental Systems a fiduciary of the Supplemental Policy. *See Duckworth*, 276 F.Supp.2d at 596 (holding that a party was not a fiduciary when it only "collected the premiums from [an employee's] weekly paycheck and forwarded them to [the insurance company]").

Nevertheless, Plaintiff asserts that, under *Gore v. El Paso Energy Corp.*, 477 F.3d 833, 842 (6th Cir. 2007), Defendant Environmental Systems had a fiduciary duty not to misrepresent eligibility to the herself or the insured. (ECF #34, pp. 6-9). *See Dudenhoeffer v. Fifth Third Bank Corp.*, 692 F.3d 410 (6th Cir. 2012); *see also Varity Corp. v. Howe*, 516 U.S. 489 (1996). Plaintiff cites to the cases of *Gore, Dudenhoeffer*, and *Varity Corp.* to support this position. Her reliance on these cases, however, is misplaced. *See generally, Thurman v. Pfizer*, 484 F.3d 855, 860 (6th Cir. 2007) (for fiduciary duty relief, under ERISA, to be available, the "fiduciary relationship must have existed between the parties at the time the alleged misrepresentation was made").

In each of these three cited cases, the Defendant employer was named as a fiduciary of the plan, or as plan administrator. The Courts in these cases did not create a fiduciary relationship based upon a specific communication or misrepresentation, but rather, attempted to determine whether a communication or misrepresentation made by a named fiduciary was made in the employer's capacity as a fiduciary, or when it was acting in some other role. In *Gore*, the Sixth

Circuit determined that the employer was a fiduciary not because it had made misrepresentations to a plan participant, but because it was named as a fiduciary in the plan. 477 F.3d at 837. Further, in *Dudenhoeffer*, the Sixth Circuit examined whether an employer's attachment of an SEC filing was a "fiduciary communication;" however, the employer was an officially named plan administrator. 692 F.3d at 421. Thus, the Sixth Circuit was not determining whether the employer was a fiduciary, but instead was determining whether the employer acted in a fiduciary capacity when issuing the particular communication at issue. *Id.*. Likewise, in *Varity Corp.*, "Varity was *both* an employer *and* the benefit plan's administrator." 516 U.S. at 498. The question in that case was not whether the employer was a fiduciary, but whether the employer's actions were taken in its capacity as an employer or in its capacity as a fiduciary. *Id.*

Here, Plaintiff has not made any factual assertions that would indicate that there was a fiduciary relationship between Defendant Environmental Systems and the Plaintiff with regard to the Supplemental Policy. There are no allegations that Defendant Environmental Systems was a named fiduciary, or that it was a plan administrator of the Supplemental Policy. Mere "communicati[on] with employees," like offering "information regarding benefits" (ECF #34 at p. 9), is not enough, to establish a fiduciary relationship under ERISA. *See Walker*, 492 Fed.Appx. at 565. The only allegations contained in the Amended Complaint would establish that Defendant Environmental Systems performs only the ministerial duty of withholding premiums and remitting premiums to Defendant Aetna. (Am. Complaint at ¶¶ 8, 23-24). Therefore, there are no allegations that would establish that Defendant Environmental Systems had a duty to make any representation as to eligibility for the Supplemental Policy to Patrick J. Keger and/or Plaintiff or that it served in a role that could give rise to a cause of action for breach

9

of fiduciary duty. The breach of fiduciary duty claim against Defendant Environmental Systems must be dismissed.

### 2. Is monetary relief available against Defendant Environmental Systems?

Because this Court finds that Defendant Environmental Systems is not a fiduciary, under ERISA, this Court does not reach the question as to whether the Plaintiff seeks an unavailable remedy for the breach of fiduciary duty claim. (ECF #31 at pp. 11-12). This Court also does not reach the question as to whether the Plaintiff's breach of fiduciary duty claim is a "repackaged claim for benefits." (ECF #31 at pp. 12-15). The Amended Complaint does not set forth facts sufficient to establish a fiduciary relationship between the Plaintiff or Mr. Keger and the Defendant Environmental Systems. (ECF #34 at pp. 4-9). Therefore, the breach of fiduciary duty claim against Defendant Environmental Systems must be dismissed, regardless of the type of relief that may be sought.

### 3. Is relief available under promissory or equitable estoppel?

Although Plaintiff asserts that by withholdings of premiums for the Supplemental Policy from Mr. Keger's paycheck was a representation from Defendant Environmental Systems that he was properly enrolled in the policy (Am. Complaint at ¶¶40-41), and that she and Mr. Keger relied on this alleged misrepresentation, Plaintiff cannot successfully plead an alternative remedy for either promissory or equitable estoppel.

First, Congress enacted ERISA to be a wide-encompassing federal regime for pension plan regulation. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987). Further, ERISA "supersede[s] any and all State laws insofar as they may...relate to any employee benefit plan..."

10

29 U.S.C. § 1144(a). Also, the Sixth Circuit has specifically denied state promissory estoppel claims for the recoupment of denied benefits, holding that ERISA preempts this issue. *See Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991). Here, Plaintiff is asserting a state law promissory estoppel claim to recover benefits that she believes are owed under an ERISA-governed plan. (Am. Complaint at ¶¶39-42). Therefore, Plaintiff's state law promissory estoppel claim is preempted by ERISA and must be dismissed.

Plaintiff argues, however, that her claim should be read as an equitable estoppel claim, which the Sixth Circuit has recognized in an ERISA proceeding. (ECF #34 at p. 10). *Sprague v. GMC*, 133 F.3d 388, 403 (6th Cir. 1998).

> The elements of an equitable estoppel claim...are as follows: (1) there must be conduct or language amounting to a representation of material fact; (2) the party to be estopped must be aware of the true facts; (3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends; (4) the party asserting the estoppel must be unaware of the true facts; and (5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment. *Id.* (citing *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir. 1991)).

Even if this Court accepts that an equitable estoppel claim is not automatically preempted by ERISA, and that the facts set forth in the Amended Complaint are true, Plaintiff has not pled facts that could establish all of the elements of an equitable estoppel claim. This Court does not need to consider whether Defendant Environmental Systems' payroll withholding and/or "communication of information regarding benefits" (ECF #34 at pp. 9-10) could amount to a "representation of material fact" with regard to Mr. Keger's eligibility as a participant in the Supplemental Policy because Plaintiff does not assert that Defendant Environmental Systems

11

knew, at any time, that these alleged representations were false. In other words, there has been no allegation that Defendant Environmental Systems knew that Patrick J. Keger was ineligible for the policy when the alleged misrepresentations were made. *See Armistead*, 944 F.2d at 1299. As such, Plaintiff cannot assert either a promissory or equitable estoppel claim for the benefits she believes are due to her from the Supplemental Policy. Therefore, the promissory/equitable estoppel claim against Defendant Environmental Systems must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant Environmental Systems' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF #31) is GRANTED. The remaining parties are scheduled for a Status Conference on April 9, 2013 at 9:00 AM. IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: March 28, 2013